UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD GILES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:11-CV-239 CAS |
| | ) |
| CONTINENTAL CASUALTY COMPANY, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants Dr. Robert Barrack and Washington University Medical Center's ("WUMC") Motion to Strike Matters from Plaintiff's Complaint, and Motion to Dismiss Count II of Plaintiff's Complaint. Plaintiff has responded to both motions and they are fully briefed. For the following reasons, the motion to strike and the motion to dismiss will be granted.

**Background**

The complaint alleges that plaintiff was a participant in his former employer's long-term disability ("LTD") insurance plan (the "Plan"), administered by defendant Hartford Financial Services, Inc., as successor to defendant Continental Casualty Corporation. Plaintiff began receiving LTD benefits in 2004 and the benefits were terminated two years later. The termination of benefits was apparently based on a functional assessment from the office of defendant Barrack, plaintiff's treating orthopedic surgeon, finding that plaintiff was able to perform sedentary work. Plaintiff believes the assessment was erroneous and that he was unable to perform any work, and as a result is entitled to lifetime LTD benefits under the Plan. Plaintiff asserts that defendant Barrack acknowledged that the assessment was incorrect and had been signed by someone in his office without his authority, but Barrack failed to correct the assessment or submit a new assessment to

Continental or Hartford although plaintiff asked him to do so, and negligently failed to conduct a complete evaluation of plaintiff so as to provide an accurate report of plaintiff's condition to Continental and Hartford.[1] Plaintiff asserts that WUMC is liable for Barrack's negligence because he was acting at WUMC's agent at the relevant times.

Plaintiff originally filed suit against the defendants in the United States District Court for the Southern District of Illinois in May 2009. That court granted defendants Barrack and WUMC's motion to dismiss the claims against them for lack of personal jurisdiction in February 2010. Plaintiff subsequently filed the instant action in February 2011. In Count I of the complaint, plaintiff asserts claims against Continental and Hartford for denial of LTD benefits under Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). In Count II, plaintiff asserts claims against Barrack and WUMC, also purportedly pursuant to ERISA Section 502(a)(1)(B), but pleads facts that appear to assert negligence claims.

**Discussion**

    **A. Motion to Strike**

Under Federal Rule of Civil Procedure 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f), Fed. R. Civ. P. Motions to strike are not favored and are infrequently granted, because they propose a drastic remedy. Stanbury Law Firm, P.A. v. Internal Revenue Service, 221 F.3d 1059, 1063 (8th Cir. 2000). Nonetheless, resolution of such a motion lies within the broad discretion of the Court. Id. Matter will not be stricken unless it clearly has no possible bearing on the subject matter of the

---

[1] Inconsistently, plaintiff alleges in paragraph 32c of the complaint that Barrack did not acknowledge that the physical disability assessment was inaccurate. This inconsistency has no bearing on the Court's resolution of the pending motions.

litigation and will prejudice the defendant. 2 James W. Moore, et al., Moore's Federal Practice §12.37[3] (3rd ed. 2010). "An allegation is 'impertinent' or 'immaterial' when it is neither responsive nor relevant to the issues involved in the action." Id.

Defendants Barrack and WUMC move to strike all references in Count II of the complaint to ERISA and to the "Center for Advanced Medicine" as immaterial and impertinent. Defendants assert they are not proper defendants to an ERISA claim for denial of benefits, because they are not alleged to be and are not an ERISA plan or plan administrator. See Layes v. Mead Corp., 132 F.3d 1246, 1249 (8th Cir. 1998) (holding that "the party that controls administration of the plan" is the proper defendant on a claim for ERISA benefits). Defendants also move to strike all references to the "Center for Advanced Medicine" on the basis that plaintiff was advised in the prior suit in the Southern District of Illinois that the Center for Advanced Medicine is the name of a building, not a legal entity, and that the Center for Advanced Medicine is not owned or operated by WUMC.

Plaintiff responds that he has no objection to defendants' motion to strike and consents that it be granted. By virtue of his response, plaintiff implicitly concedes both that (1) Barrack and WUMC are not proper defendants to his ERISA denial of benefits claims, and (2) the Center for Advanced Medicine is not a suable entity and is not owned by WUMC. The motion to strike will be granted.[2]

---

[2]In the body of his response, plaintiff requests leave to file an amended complaint "that is in compliance with the Court's Order granting Defendants' Motion to Strike." Because the Court will dismiss plaintiff's claims against these defendants entirely, plaintiff's request for leave to file an amended complaint is moot. Plaintiff is advised, however, that if he wishes to file an amended pleading in the future and leave of Court is required to amend, he must file a separate motion for leave and the proposed amended pleading must be submitted as an attachment to the motion for leave. See E.D. Mo. Admin. Procedures for Case Management/Electronic Case Filing, § II.B. See also In re 2007 Novastar Financial, Inc., Secs. Litig., 579 F.3d 878, 884-85 (8th Cir. 2009) (denial of leave to amend affirmed where plaintiff merely included a footnote requesting leave to amend in his response to a motion to dismiss and did not offer a proposed amended complaint).

**B. Motion to Dismiss Count II**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff need not provide specific facts in support of his allegations, Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir.), cert. denied, 129 S. Ct. 222 (2008) (citing Twombly, 550 U.S. at 555 & n.3).

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," id. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Twombly, 550 U.S. at 555-56; Fed. R. Civ. P. 8(a)(2). Materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986).

Defendants move to dismiss Count II on the basis of the statute of limitations. Defendants assert that Count II alleges malpractice, negligence, error or mistake related to health care on the part of a physician, and therefore the two-year statute of limitation of Section 516.105 of the Missouri Revised Statutes is applicable. Defendants assert that according to the factual allegations of the

complaint, the alleged act of neglect occurred on or about March 13, 2006, and was ascertained by plaintiff no later than April 28, 2006, and the present action was filed more than four years later and is therefore time barred.

In support of their motion, defendants cite on Ley v. St. Louis County, 809 S.W.2d 734 (Mo. Ct. App. 1991). In Ley, the plaintiff injured his back at work. In connection with his workers' compensation claim, plaintiff was examined by two physicians who determined that he had a minimal soft tissue injury. Id. at 735. As a result, Ley settled his claim for $2,700, but within a month had to have surgery to remove a ruptured vertebral disc. Id. at 735-36. Ley later sued the physicians for fraud and outrageous conduct. The state court granted the physicians' motion for summary judgment based on the two-year medical malpractice statute of limitations, § 516.105. The court of appeals affirmed, stating that this limitation period applies to "*all* actions against physicians for damages for malpractice, negligence, error or mistake related to health care. Attempts to characterize such actions as fraud or contract does not avoid the provisions of Sec. 516.105." Id. at 737. Defendants contend that Ley is directly on point and under its authority, plaintiff's claims in Count II are governed by the two-year limitation period of § 516.105.

Plaintiff responds that he does not seek damages based upon allegations that Barrack or WUMC "failed to perform their healing art duties," and therefore the two-year statute of limitations for actions against health care providers does not apply. Rather, plaintiff contends he alleges that the defendants "directly or through their employees negligently failed to perform the necessary clerical acts to allow Plaintiff to assert a claim under a disability policy." Pl.'s Response at 3. Plaintiff contends without citation to legal authority that his negligence claims against Barrack and

5

WUMC are subject to the Missouri five-year statute of limitation applicable to claims for property damage, § 516.110, Mo. Rev. Stat.[3]

Plaintiff argues that not all actions against health care providers are governed by the two-year statute, citing Pinkerton v. Southeast Missouri Hospital Association, 926 S.W.2d 137 (Mo. Ct. App. 1996) (two-year medical malpractice statute of limitations did not govern strict liability action against hospital arising out of sale of defective implant, because claim did not involve fault in the form of malpractice, negligence, mistake or error);[4] and Breeden v. Hueser, 273 S.W.3d 1 (Mo. Ct. App. 2008) (claims against physician based on intentional fraud, for billing patients for single use chemotherapy vials that were used on multiple patients, were not governed by two-year statute of limitations).

Missouri Revised Statute § 516.105 provides in pertinent part,

> All actions against physicians, hospitals, dentists, registered or licensed practical nurses, optometrists, podiatrists, pharmacists, chiropractors, professional physical therapists, and any other entity providing health care services and all employees of any of the foregoing acting in the course and scope of their employment, for damages for malpractice, negligence, error or mistake related to health care shall be brought within two years from the date of occurrence of the act of neglect complained of [.]

§ 516.105, Mo. Rev. Stat. The statutory phrase "all actions against physicians" is qualified by the words "for damages for malpractice, negligence, error or mistake related to health care." Rowland

---

[3]Plaintiff's citation to § 516.110 is incorrect, as that section provides a ten-year limitations period for actions on (1) any writing for the payment of money or property, or (2) any covenant of warrant contained in a land deed. The Missouri five-year statute of limitations applicable to actions for property damage or "any other injury to the person or rights of another, not arising on contract and not herein otherwise enumerated;" is § 516.120(4), Mo. Rev. Stat.

[4]Pinkerton was overruled by Budding v. SSM Healthcare System, 19 S.W.3d 678, 681 (Mo. 2000) (en banc), which held that health care providers are not subject to strict liability under Missouri law. Further, plaintiff does not allege a strict liability claim. As a result, Pinkerton offers no support for plaintiff's argument.

6

v. Skaggs Cos., Inc., 666 S.W.2d 770, 772 (Mo. 1984) (en banc), overruled in part on other grounds by McNeill Trucking Co. v. Missouri State Hwy and Transp. Comm'n, 35 S.W.3d 846, 849 (Mo. 2001) (en banc). The Missouri Supreme Court has explained that the "legislature's use of the latter phrase evinces a desire to confine suits subject to the short statutory period in 516.105 to those enumerated." Id. "As a result, the statute's limitation period applies only to those actions where a health care consumer 'seeks damages for injuries resulting from some improper, wrongful, or careless acts or omissions on the part of a health care provider in the delivery of health care to the consumer.'" Breeden, 273 S.W.3d at 7 (quoting Dunagan v. Shalom Geriatric Ctr., 967 S.W.2d 285, 288 (Mo. Ct. App. 1998)). "Missouri courts look to the gist or gravamen of an action to decide whether it should be governed by the two-year statute of limitations." Id. (cited cases omitted). Although actions brought against health care providers are not automatically subject to § 516.105, id., "It is clear that an action that arises out of a doctor's malpractice or negligence in providing health care cannot avoid the application of section 516.105 merely because it is pled as a claim for fraud, misrepresentation, or breach of contract." Id.

Missouri courts have rejected attempts to "plead around" the two-year statute by denominating a claim that is essentially for malpractice as one for general negligence. The Missouri Supreme Court has explained, "Any act or omission related to the care, custody, or treatment of the patient, whether pled as ordinary negligence or negligence relating to malpractice is covered under section 516.105. Actions which, in substance, are fundamentally for medical malpractice because the claim is for some improper or negligent act by a healthcare provider while caring for a patient are subject to section 516.105 regardless of the form of the pleadings." Robinson v. Health Midwest Dev. Group, 58 S.W.3d 519, 522 (Mo. 2001) (en banc) (footnotes and internal quotation marks omitted). See, e.g., Arbuthnot v. DePaul Health Ctr., 891 S.W.2d 564, 565–66 (Mo. Ct. App. 1995)

7

(two-year medical malpractice statute of limitations, rather than ordinary negligence statute of limitations, governed patient's claim against hospital alleging she was injured as a result of hospital's negligence when she was injured alighting from a wheelchair while on hospital premises for physical therapy).

In this case, the complaint alleges that Barrack, plaintiff's treating orthopedic surgeon, was negligent when he failed to accurately prepare a physical disability report concerning plaintiff, and failed to conduct a complete evaluation of plaintiff so as to provide an accurate report as to his disability and ability to perform work. Complaint at 7, ¶¶ 32a, 32d. These allegations plainly seek damages for malpractice, negligence, error or mistake related to health care, and are subject to the two-year limitation period of § 516.105. Plaintiff also alleges that Barrack negligently "authorized the submission of the report under his name but without his authority," and when advised of his error, either acknowledged or failed to acknowledge the error and provide a corrected report. Id., ¶¶ 29, 32b, 32c. These allegations also seek damages for malpractice, negligence, error or mistake related to health care, as they arise out of Barrack's provision of health care services to plaintiff. Cf. Ley, 809 S.W.2d at 737; Arbuthnot, 891 S.W.2d at 565–66. As a result, they are also governed by the two-year statute of limitations rather than the general negligence statute of limitations.

Finally, plaintiff appears to argue that a ten-year statute of limitations should apply to his ERISA claims against defendants Barrack and WUMC. Because plaintiff conceded that his ERISA denial of benefits claims against these defendants should be dismissed because they are not proper defendants to such a claim, the Court does not consider this argument further.

**Conclusion**

For the foregoing reasons, defendants Barrack and Washington University Medical Center's motion to strike will be granted with plaintiff's consent, and their motion to dismiss Count II of the complaint based on the two-year statute of limitations of § 516.105 will also be granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Dr. Robert Barrack and Washington University Medical Center's Motion to Strike Matters from Plaintiff's Complaint is defendants Dr. Robert Barrack and Washington University Medical Center's Motion to Strike Matters from Plaintiff's Complaint is **GRANTED**. [Doc. 9]

**IT IS FURTHER ORDERED** that Dr. Robert Barrack and Washington University Medical Center's Motion to Dismiss Count II of Plaintiff's Complaint is **GRANTED**. [Doc. 7]

An appropriate order of partial dismissal will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  13th  day of April, 2011.